# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

MERVIN L. BURNEY,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )    Case No. CIV-13-342-KEW
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social               )
Security Administration,             )
                                     )
            Defendant.               )

## OPINION AND ORDER

Plaintiff Mervin L. Burney (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 24, 1957 and was 53 years old at the time of the ALJ's decision. Claimant completed his education through the eighth grade. Claimant has worked in the past as a roofer. Claimant alleges an inability to work beginning July 10, 2008 due to limitations resulting from a broken spine, broken right wrist, and other fractures sustained when Claimant fell from a roof.

**Procedural History**

On September 26, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 14, 2010, an administrative hearing was held before an Administrative Law Judge ("ALJ"). He issued an unfavorable decision on June 25, 2010. However, the Appeals Council reversed the decision and remanded the case back to the ALJ on May 17, 2011.

On November 4, 2011, a second hearing was held before ALJ Charles Headrick in Tulsa, Oklahoma. On February 21, 2012, the ALJ issued a second unfavorable decision. The Appeals Council denied review of the ALJ's decision on June 17, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with restrictions.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to

4

properly evaluate the opinion of Claimant's treating physician; and (2) failing to fully develop the record.

### Evaluation of the Treating Physician's Opinion

In his decision, the ALJ found Claimant suffered from the severe impairments of a burst fracture of the L3 vertebra and right radius fracture. (Tr. 28). The ALJ determined Claimant retained the RFC to perform light work except he could perform postural activities like balancing on a frequent basis and climbing ramps or stairs, stooping, kneeling, crouching, and crawling on an occasional basis. He could never climb ladders, ropes, or scaffolds. (Tr. 30).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of office cleaner, bench assembler, machine operator, and production assembler, all of which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 33). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 34).

Claimant contends the ALJ failed to properly consider the opinion of his treating physician, Dr. William Lowry. Dr. Lowry noted in his treatment notes of January 14, 2009 that Claimant fell off of a church roof, sustaining pubic rami fractures and a very comminuted right distal radius fracture and that he underwent open reduction/internal fixation surgery on July 11, 2008. Dr. Lowry

noted Claimant continued to attend occupational therapy but that he was unable to work at that point in time.  Dr. Lowry stated Claimant was right hand dominant and continued to complain of right wrist pain and numbness in his index finger which was worse at nighttime. He also suffered from some pelvic pain.  (Tr. 881).  Dr. Lowry concluded that "[p]atient to remain off work as he uses his right hand heavily."  Id.

The ALJ failed to recognize this opinion in his first decision which resulted in the remand by the Appeals Council for consideration of Dr. Lowry's opinion. (Tr. 121).  Upon remand, the ALJ found Dr. Lowry's "assessment is inconsistent with the other evidence in the record detailing the claimant's normal walking abilities and his restricted, but functional, manipulative abilities." (Tr. 29).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight."  Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record."  Id. (quotation omitted).  "[I]f the opinion is deficient in either of these respects, then it is not

entitled to controlling weight."  Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527."  Id. (quotation omitted).  The factors reference in that section are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion.  20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted).  Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight."  Id.  "Finally, if the

ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so."  Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ did not proceed through this analysis but simply found that Dr. Lowry's opinion was not consistent with the evidence in the record.  He afforded the opinion "limited weight" without providing further explanation.  (Tr. 32).  Although the ALJ does not specifically identify the source of the conflicting evidence, Defendant references the statement form completed by Dr. Kirk Jobe on December 2, 2008, which contains nine words in which Dr. Jobe state Claimant has no motor deficits, intact bilateral grip, normal strength, normal gait and station, a "Y" in a blank asking if Claimant can squat, walk on toes, and walk on heels.  Dr. Jobe answered "no" to the prepared question of whether Claimant uses an assistive device medically necessary for ambulation.  (Tr. 845).

However, evidence also supports Dr. Lowry's findings.  On October 20, 2008, Dr. Marc Reiskind found no swelling, redness or ecchymosis in her right wrist/hand but found restricted, painful movements.  He also noted Claimant's pain in the lower back with significant muscle spasms and limited range of motion in all directions.  (Tr. 872).  He recommended that Claimant continue with occupational therapy.  (Tr. 873).

Defendant contends Claimant has not demonstrated that his impairment and limitations from his impairment would last for twelve months. The issue before the Court is whether the ALJ properly evaluated and assessed the weight due Dr. Lowry's opinion. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing

9

performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's premise for giving Dr. Lowry's opinion "little weight" is faulty. Evidence does exist in the record to provide support for Dr. Lowry's restrictions on Claimant's right wrist/hand and lumbar spine. While the statement concerning Claimant's ability to work might arguably be an issue reserved to Defendant, Dr. Lowry's statement was included as his opinion of Claimant's

limitations brought about by the injuries and surgeries.  On remand,

the ALJ shall reassess the weight which should be given to Dr.

Lowry's evaluation of Claimant's conditions in light of the totality

of the Watkins factors and the remainder of the record.

**Duty to Develop the Record**

Claimant next contends the ALJ should have ordered a

consultative mental evaluation of Claimant in light of the

indications in the record of mental limitations.  Generally, the

burden to prove disability in a social security case is on the

claimant, and to meet this burden, the claimant must furnish

medical and other evidence of the existence of the disability.

Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing

Bowen v. Yuckert, 482 U.S. 137, 146 (1987).  A social security

disability hearing is nonadversarial, however, and the ALJ bears

responsibility for ensuring that "an adequate record is developed

during the disability hearing consistent with the issues raised."

Id. quoting Henrie v. United States Dep't of Health & Human

Services, 13 F.3d 359, 360-61 (10th Cir. 1993).  As a result, "[a]n

ALJ has the duty to develop the record by obtaining pertinent,

available medical records which come to his attention during the

course of the hearing."  Id. quoting Carter v. Chater, 73 F.3d

1019, 1022 (10th Cir. 1996).  This duty exists even when a claimant

11

is represented by counsel.   <u>Baca v. Dept. of Health & Human Services</u>, 5 F.3d 476, 480 (10th Cir. 1993).  The court, however, is not required to act as a claimant's advocate.  <u>Henrie</u>, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required.  Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision."   20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

Given Claimant's testimony concerning the effects of his depression and the diagnosis of Dr. Reiskind of adjustment disorder,

the ALJ on remand shall consider whether the condition has been sufficiently developed in the record to warrant a consultative mental health evaluation.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE